# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth S. Rivera, | ) |
|         Plaintiff, | ) Civil Action No.: 8:18-cv-00577-JMC |
| v. | ) **ORDER** |
| Warden of Lee Correctional Institution, | ) |
|         Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 28, 2018 (ECF No. 23). The Report addresses Plaintiff Kenneth S. Rivera's ("Plaintiff") Petition for Writ of Habeas Corpus ("Petition") and recommends that the court grant the Warden of Lee Correctional Institution's ("Defendant") Motion for Summary Judgment (ECF No. 13) and deny Plaintiff's Petition. (ECF No. 23 at 23.) For the reasons stated herein, the court **ACCEPTS** the Report, **GRANTS** Defendant's Motion, and **DENIES** Plaintiff's Petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*Id.* at 1-5.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant Petition on February 26, 2018.[1] (ECF No. 1.) In his Petition,

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Plaintiff's Petition was filed on February 26, 2018, because it was placed in the mailing system under penalty of perjury. (ECF No. 1 at 14.)

1

Plaintiff raises the following grounds for relief: (1) ineffective assistance of counsel; (2) a violation of his plea deal; and (3) the lack of indictments for two offenses to which he pled guilty. (*Id.* at 4, 6, 7.) On April 23, 2018, Defendant his Motion for Summary Judgment. (ECF No. 13.) The Magistrate Judge issued a *Roseboro* Order[2] on April 23, 2018, and advised Plaintiff of the consequences of failing to respond to Defendant. (ECF No. 15 at 1-2.) On that same day, the *Roseboro* Order was mailed to Plaintiff. (ECF No. 16.) On May 4, 2018, Plaintiff filed his Response to Summary Judgment and Return ("Response"). (ECF No. 17-2 at 2.) Defendant replied to Plaintiff's Response on May 7, 2018. (ECF No. 19.)

The Magistrate Judge filed the instant Report on August 8, 2018. (ECF No. 23.) First, the Report determined that Plaintiff's third ground is not cognizable in a federal habeas corpus proceeding because it is an issue arising under state law. (*Id.* at 14-15.) Second, the Report found that part of Plaintiff's first ground was procedurally barred. (*Id.* at 15-16.) Lastly, taking up the merits of the remaining grounds, the Report reasoned that the rest of Plaintiff's first ground was not contrary to precedent from the United States Supreme Court, and Plaintiff's second ground was conclusory and unsupported by evidence. (*Id.* at 17-23.) The Report ultimately recommended that the court grant Defendant's Motion and deny Plaintiff's Petition. (*Id.* at 23.) The parties were apprised of their opportunity to file objections to the Report on August 28, 2018. (ECF No. 23-1 at 1.) Neither party objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

---

[2] A *Roseboro* Order requires district courts to provide an explanation of summary judgment procedures in habeas corpus cases. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Petition. (ECF No. 23.) Since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and incorporates it herein. The court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 13) and **DENIES** Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

**Certificate of appealability**

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

October 18, 2018
Columbia, South Carolina